# A. W. GRAHAM v. LURYE FURNITURE COMPANY.[1]

July 12, 1929.

No. 27,373.

*Frankson & Hultstrand,* for appellant.
*Austin & Wangensteen,* for respondent.

DIBELL, J.

Action to recover rent under a lease from the plaintiff to the defendant and for damages because of the defendant's failure to return the premises in the condition in which they were when taken, in accordance with the covenants of the lease. There was a verdict for the plaintiff for $1,800. The defendant appeals from the order denying its motion for a new trial.

In 1921 the plaintiff constructed a building in Hibbing to be leased to the defendant at the rate of $275 per month for the period

[1]Reported in 226 N. W. 411.

of five years from its completion. It was completed on November 1, 1921, so that the lease expired on November 1, 1926.

The verdict is considerably less than was asked. There is no question of the sufficiency of the evidence to sustain it. The court instructed the jury that the plaintiff was entitled to recover rent for September, 1926, in the sum of $35, being the agreed rental of $275 per month, less $240 which the plaintiff received from another tenant. The accuracy of this instruction is the only question.

On and prior to September 1, 1926, a subtenant of the defendant was in possession. The plaintiff, prior to that date, had rented the premises to the subtenant for a term commencing October 1, 1926, and no question is made but that the plaintiff cannot recover of the defendant for the October rent. The defendant claims that the plaintiff agreed that the subtenant should become his (plaintiff's) tenant from September 1, or in other words that the lease between plaintiff and defendant should be terminated at that date.

The testimony of the plaintiff and that of the officers of the defendant is irreconcilable and sometimes self-contradictory. It is not at all clear. The officers of the defendant say, somewhat by way of conclusion, that there was a surrender. We cannot escape the view however that there was some evidence in support of the defendant's contention that the lease was terminated on September 1, so as to relieve the defendant from the further payment of rent. It is a circumstance of some consequence that, in proving damages for failure to return the premises in the condition in which they were taken, the plaintiff referred to September 1 as one of the dates at which values should be fixed in finding damages. It is therefore held that the charge relative to the $35 item was erroneous.

■ It does not follow that there should be a retrial of all the issues. When an error in the charge bears only on the amount of the verdict and the amount by which the verdict is increased is definitely ascertainable, an opportunity will be given the successful party to remit instead of submitting to a new trial of the whole

case. 5 Dunnell, Minn. Dig. (2 ed.) § 7152, et seq. This is a case appropriate for the application of the rule. The trial was without other error. The motion for a new trial was made on the minutes. It was denied without prejudice to a renewal. upon the settled case. The trial court did not have the opportunity afforded us of having before it the precise language bearing upon the surrender. The amount involved is but a trifle of the necessary typing and printing charges. There is no need of a retrial of the $35 issue if the plaintiff chooses to remit.

The order is affirmed on condition that the plaintiff, within 20 days after the going-down of the remittitur, elects to reduce the verdict by the sum of $35; and in case he does not, the case will stand for a new trial.

Affirmed on condition.